1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10   VIKAS SAREEN,
11                Plaintiff,              No. CIV S-08-0176 LKK EFB PS
12          vs.
13   REEMA SAREEN, et al.,               FINDINGS AND RECOMMENDATIONS
14                Defendants.
                                    /
15

16          This action, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to Local Rule 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Presently before

18   the court are defendants' motions to dismiss.  After briefing, the motions were taken under

19   submission pursuant to Local Rule 78-230(h).  Having reviewed all submitted papers, the court

20   recommends that defendants' motions be granted without further leave to amend.

21   **I.  BACKGROUND**

22          Plaintiff initiated this action on January 25, 2008, alleging claims against Reema Sareen,

23   Rajiv K. Grover, and the County of Sacramento (erroneously sued as Sacramento County

24   Department of Child Support Services).  Reema Sareen ("Reema") is plaintiff's estranged wife,

25   and Rajiv Grover ("Grover") is her brother.

26   ////

                                    1

This action arises out of plaintiff's dissatisfaction with a ruling by the Court of Appeal of the State of California, Third Appellate District ("Court of Appeal").  Reema initiated the state court action to petition the state for custody of her and plaintiff's child.

Plaintiff, a United States citizen, married Reema in 2002 in India.  Compl., ¶ 12.  They returned the United States and had a child in February 2004, in New York.  *Id.*  In August 2004, the family went to India on vacation, where plaintiff initiated divorce and custody proceedings.  Plaintiff then left India, leaving Reema and their child behind.  Reema asserts that they could not immediately return to the United States, because her and her son's passports had "gone missing," and plaintiff refused to consent to the issuance of new American passport for their son.  *See* Defendants Reema Sareen and Rajiv K. Grover's Memorandum of Points and Authorities in Support of Motion to Dismiss ("Sareen Mtn."), 2:1-6.

Eventually, Reema and the child were able to return to United States, where they went to live with Reema's brother in California.  In January 2006, she initiated proceedings in California state court, petitioning the court for custody of her son.  Plaintiff filed a motion to quash Reema's petition, citing the ongoing Indian proceedings, and arguing that California had no jurisdiction to hear the petition.  The trial court granted plaintiff's motion, concluding that it lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  *See* Compl., Exh. A (Superior Court of California County of Sacramento, Ruling on Submitted Matter, *In re the Marriage of Reema Sareen and Vikas Sareen*, No. 06FL00798).  The Court of Appeal reversed, holding that California did have jurisdiction to adjudicate the custody proceedings initiated by Reema.  *See* Compl., Exh. C (Court of Appeal's decision, *In re Sareen*, p. 17).

Plaintiff sought review of that decision in the Supreme Court of California, but his request for review and a stay were denied.  *See* Compl., Exh. E.  Plaintiff also filed a petition for certiorari with the United States Supreme Court, which was also denied.  Compl., ¶ 28; Defendants Reema Sareen and Rajiv K. Grover's Request for Judicial Notice in Support of

2

1  Motion to Dismiss ("Defendants' Request for Judicial Notice"), Exhs. 3, 4.

2          Plaintiff initiated this action, alleging that the decision by the California Court of Appeal

3  violated his "constitutional rights to Equal Protection of the Laws under the Fourteenth

4  Amendment (42 U.S.C. § 1983)."  Compl., p. 6 ("First Cause of Action").  In particular, he

5  alleges that the Court of Appeal erred in interpreting UCCJEA and in concluding that

6  jurisdiction existed over Reema's petition.

7          Plaintiff also alleges that the Court of Appeal decision violated his rights under "Art. VI,

8  § 2, Privileges and Immunities Clause (42 U.S.C. § 1983)."  Compl., p. 7 ("Second Cause of

9  Action").  He alleges that as "a resident of New York," he "has not been treated the same as

10 other litigants in initial child custody jurisdiction determinations in California."  *Id*., ¶ 25.

11         Next, plaintiff alleges that defendants denied him "Due Process of Laws under

12 Fourteenth Amendment (42 U.S.C. § 1983)."  Compl., p. 8 ("Third Cause of Action").  More

13 specifically, he alleges that it was a violation of his constitutional rights for defendants,

14 including the County of Sacramento, to initiate child support enforcement proceedings against

15 him in both California and his home state of New York, while this action and his certiorari

16 petition were pending.  Compl., ¶¶ 27-31.

17         Finally, plaintiff alleges that Reema and Grover have "engaged in a pattern of lies and

18 deceit including false statements made during judicial proceedings and official federal

19 documentation. . . ."  Compl., ¶ 33.  He alleges that such statements are violations of 18 U.S.C.

20 §§ 1001, 1542, 1621, 1622 and 1623, and asks that they "be prosecuted for perjury and

21 subornation of perjury."  *Id*., pp. 9-11.

22 **II. DISCUSSION**

23         Defendants Reema and Grover move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and

24 12(b)(6).  They assert that this court lacks subject matter jurisdiction to adjudicate plaintiffs' first

25 and second causes of action, and fails to state a claim as to the remaining claims.  The County of

26 Sacramento joins in their motion, and moves to dismiss the third cause of action asserted against

it for failure to state a claim.

A. <u>Standards</u>

1. <u>Rule 12(b)(1)</u>

Federal district courts are courts of limited jurisdiction, and are only authorized to adjudicate those cases which the Constitution and the laws of Congress permit. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen*, 511 U.S. at 376-78; *Stock W., Inc. v. Confederated Tribes of Colvill Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

In a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  The court is free to consider evidence such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. Consideration of material outside the pleadings does not convert a 12(b)(1) motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

2. <u>Rule 12(b)(6)</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976);

1   *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes

2   the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.

3   *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In a case

4   where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings

5   liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the

6   court's liberal interpretation of a pro se complaint may not supply essential elements of a claim

7   that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992);  *Ivey v. Bd. of Regents of*

8   *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to

9   accept legal conclusions cast in the form of factual allegations if those conclusions cannot

10  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

11  754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

12  deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

13      B.  <u>First and Second Causes of Action Barred by *Rooker-Feldman*</u>

14      Plaintiff's first and second causes of action concern the Court of Appeal's decision

15  discussed above.  Plaintiff, a party in that case, alleges that errors in that decision constitute

16  violations of his constitutional rights.  Because these claims expressly entail reviewing alleged

17  errors in a prior state court judgment, they are barred by the *Rooker-Feldman* doctrine.  Under

18  this doctrine a federal district court does not have jurisdiction to review legal errors in state court

19  decisions.  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v.*

20  *Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  Although the contours of this doctrine have eroded

21  over time, it is still applies under certain circumstances, which are present here.

22          *Rooker-Feldman*. . . is a narrow doctrine, confined to "cases
            brought by state-court losers complaining of injuries caused by
23          state-court judgments rendered before the district court
            proceedings commenced and inviting district court review and
24          rejection of those judgments.

25  *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*

26  *Corp.*, 544 U.S. 280, 284 (2005)).  The *Rooker-Feldman* doctrine, as it stands, still requires

1    dismissal of this case.

2        Here, plaintiff – a state court loser – asks this court to review the decision of the Court of

3    Appeal and to enter a judgment declaring that that court erred in interpreting the UCCJEA.

4    Compl., p. 11.  This court lacks subject matter jurisdiction to review alleged legal errors in the

5    state court's decision and to declare it invalid as a violation of plaintiff's constitutional rights.

6    *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. Cal. 2003) (To "entertain his challenge and

7    grant [such] relief would necessarily require [the court] to review and invalidate the state court

8    decision, a result that is inconsistent with the *Rooker-Feldman* doctrine.").

9        Even assuming this court did have discretionary jurisdiction to review the Court of

10   Appeal's decision for legal error, it would nonetheless decline to adjudicate the substantive

11   custody issues presented by plaintiff.  Federal courts decline to exercise jurisdiction in domestic

12   relations cases when the core issue involves the status of parent and child or husband and wife.

13   *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (affirming dismissal of claims alleging

14   constitutional violations in connection with state custody proceedings, and noting that if

15   constitutional claims were present, that state courts are competent to hear them).  For these

16   reasons, plaintiff's first and second causes of action are barred by the *Rooker-Feldman* doctrine.

17   Defendants' Rule 12(b)(1) motion should be therefore be granted without further leave to amend

18   as to those causes of action.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (leave to

19   amend unnecessary where amendment would be futile).

20       C.  <u>Remaining Claims Against Sareen and Grover Fail to State a Claim</u>

21       Even assuming plaintiff's "constitutional claims" against defendants Grover and Sareen

22   were not barred by *Rooker-Feldman*, he could not state a claim against either defendant under 42

23   U.S.C. § 1983.  Thus, his third cause of action must fail.

24       To state a claim under § 1983 a plaintiff must allege: (1) the violation of a federal

25   constitutional or statutory right; and (2) that the violation was committed by a person acting

26   under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see Sutton v.*

6

1  *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with a

2  constitutional deprivation under § 1983 must be a person who may fairly be said to be a

3  governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach

4  merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs.*

5  *Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (citation and internal quotation marks omitted).

6        Defendants Grover and Sareen are not state actors. Furthermore, the conduct plaintiff

7  complains of concerns their acts as private citizens in applying for new passports and initiating

8  the state court custody proceedings. None of these acts transform either defendant into a "state

9  actor" for purposes of § 1983. *See Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (mere

10  invocation of legal procedures does not transform litigant into state actor for purposes of § 1983)

11  (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, n.21 (1982)).

12        Further, to the extent plaintiff seeks to state a claim against Reema and Grover for

13  alleged violations of various criminal statutes, he cannot do so. *See* Compl., ¶¶ 32-35 (alleging

14  violations of18 U.S.C. §§ 1001, 1542, 1621, 1622, 1623). Generally, there is no private right of

15  action to enforce criminal statutes. *See Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev.

16  1993); *American Post. Wkrs. U., Detroit v. Independent Post. Sys.*, 481 F.2d 90, 93 (6th Cir.

17  1973); *See Hunter v. District of Columbia,* 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005).

18        None of the cited provisions provide for a private right of action, nor can they serve as a

19  basis to support an alleged § 1983 claim. *See, e.g., Federal Sav. & Loan Ins. Corp. v. Reeves*,

20  816 F.2d 130, 137 (4th Cir. 1987) (no private right of action under 18 U.S.C. § 1001); *Isbell v.*

21  *Stewart & Stevenson, Ltd.*, 9 F. Supp. 2d 731, 734 (S.D. Tex. 1998) (no private right of action

22  under §§ 1621, 1623); *Griffiths v. Siemens Automotive, L.P.*, No. 92-21181994 U.S. App. LEXIS

23  32311, at *6 (4th Cir. Nov. 16, 1994) (no private right of action under §§ 1622, 1623). Finally,

24  18 U.S.C. § 1542 proscribes the making of false statements in a passport application and

25  provides for fines and varying terms of imprisonment for such violations. However, this

26  criminal statute, like the others, provides no private right of action. Furthermore, this court has

1  no role in initiating prosecutions, and his request to ensure defendants' prosecution is not an

2  appropriate request for this court.

3     Finally, plaintiff's invocation of 28 U.S.C. §§ 2201, 2202, and 1651 in his opposition as

4  independent bases for relief is misplaced.  Sections 2201 and 2202 merely establish the

5  availability of declaratory judgments and other related remedies in cases where jurisdiction has

6  already been established.  28 U.S.C. §§ 2201, 2202.  Neither provision establishes an

7  independent grant of jurisdiction, nor an independent cause of action.  Rather, theses statutes

8  provide an additional remedy where plaintiff has already stated a claim entitling him to relief.

9  *See Ponce v. Housing Authority of County of Tulare*, 389 F. Supp. 635, 639 (E.D. Cal. 1975).  As

10  set forth above, plaintiff has failed to establish jurisdiction over his claims, and has failed to state

11  any claim for which relief may be granted.

12     Based on the foregoing, the court recommends that this action be dismissed as to

13  defendants Reema and Grover without further leave to amend.  *See Lopez*, 203 F.3d at 1128

14  (leave to amend unnecessary where amendment would be futile).

15     C.  <u>County of Sacramento's Motion to Dismiss Third Cause of Action</u>

16     The court also recommends dismissal of the claims against the County of Sacramento

17  (first and second causes of action) for the reasons set forth above.[1]  The court, however,

18  separately addresses the County's Rule 12(b)(6) motion with respect to the one allegation

19  directly leveled at it.

20     In particular, plaintiff alleges that "Defendants Reema Sareen, through Defendant

21  Sacramento County, has initiated proceedings in New York Family Court, Exhibit F."  Compl., ¶

22  29.  He includes this allegation under his "third cause of action" for violation of his due process

23  rights under the Fourteenth Amendment.  *See* Compl., p. 8.  In brief, plaintiff alleges that the

24  initiation of custody support enforcement proceedings in New York – the jurisdiction where

25

26     [1]  The allegations in the fourth cause of action relate only to defendants Reema and
Grover.

8

plaintiff resides – violated his constitutional rights to due process.  Specifically, he alleges that initiation of these proceedings while this action, and his petition for certiorari, were pending deprived him of due process.  Such allegations fail to state claim.

The Due Process Clause imposes procedural safeguards on governmental decisions that deprive individuals of liberty or property interests, within the Fifth Fourteenth Amendments. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege that defendants deprived him of a constitutionally protected property or liberty interest without procedures required by the constitution to ensure fairness.  *See Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

Here, plaintiff does not identify a specific interest implicated by the support proceedings initiated in New York.  Indeed, the proceedings plaintiff complains of – obtaining personal jurisdiction over an out-of-state parent to establish support orders for a minor child – are specifically authorized under the law.

The Uniform Interstate Family Support Act (UIFSA), which has been adopted by all 50 states, governs the procedures for "establishing, enforcing and modifying child support orders in cases in which more than one state is involved." *de Leon v. Jenkins*, 143 Cal. App. 4th 118, 124 (Cal. Ct. App. 4th Dist. 2006).  In California, the UIFSA is codified in the Family Code.  *See* Cal. Fam. Code §§ 4900 *et seq*.  The UIFSA specifically allows state agencies to initiate proceedings to establish child support orders and to register such orders in states where the non-custodial parent resides.  *See id*.; *see also* Cal. Fam. Code §§ 4905-4909; 4913.5, 4915, 4918, 4919,17402, and 17404.

These "support order" proceedings are the very proceedings plaintiff refers to in the complaint.  *See* Compl., ¶¶ 27-31, Exh. G.  Plaintiff does not challenge the constitutionality of the laws themselves, nor does he allege that defendants ran afoul of the statutory requirements.

9

Rather, he alleges that defendants violated his rights by initiating the proceedings before his various challenges to the Court of Appeal's decision were resolved.  Plaintiff cites no authority prohibiting the conduct of which he complains.  Accordingly, the court finds that plaintiff has failed to state a claim with respect to his third cause of action against any of the defendants, and recommends that it, too, be dismissed without further leave to amend.

**III. CONCLUSION**

In accordance with the foregoing, IT IS RECOMMENDED that:

1.  The Rule 12(b)(1) motion to dismiss the first and second causes of action, filed by defendants Reema and Grover, and joined by the County of Sacramento, be granted without further leave to amend;

2.  The Rule 12(b)(6) motion to dismiss the remaining causes of action as to defendants Reema and Grover be granted without further leave to amend;

3.  The Rule 12(b)(6) motion to dismiss the third cause of action, filed by the County of Sacramento, be granted without further leave to amend; and,

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  August 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE