UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIKAS SAREEN,

        Plaintiff,

    v.

REEMA SAREEN, et al.,

        Defendants.

_____/

NO. CIV. S-08-176 LKK/EFB PS

O R D E R

On August 28, 2008, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Plaintiff filed objections on September 8, 2008, and defendants filed a reply thereto on September 11, 2008. The objections and the reply have been considered by the undersigned.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to

1

which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are

reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the proposed Findings and Recommendations in full, subject to the following three modifications:

A. The magistrate applies the "no set of facts" standard in evaluating a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss. The Supreme Court departed from this standard in Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955 (2007). However, the Twombly standard raises the bar for plaintiffs, and this court agrees that plaintiff failed to clear even the lower, "no set of facts" bar.

B. The magistrate suggests, as an alternate ground for declining "to adjudicate ... substantive custody issues," that the federal courts decline to exercise jurisdiction in domestic relations cases. Plaintiff correctly notes that the domestic relations exception to jurisdiction applies only in diversity jurisdiction cases, and has no application to claims, like this one, which rest on federal question jurisdiction. Atwood v. Fort Peck Tribal Court Assiniboine & Sioux Tribes, 513

1   F.3d 943, 947 (9th Cir. 2008). However, removing this
2   alternate ground for dismissal does not change the
3   outcome in this case.
4   C.  Plaintiff's objections to the Findings and
5   Recommendations state that the magistrate has not
6   addressed plaintiff's Qui Tam claim under the False
7   Claims Act, 31 U.S.C. §§ 3729-3733. This claim was
8   raised for the first time in plaintiff's opposition to
9   the motion to dismiss, and the complaint has not been
10  amended to include it. Oppo. to Mot. to Dismiss, 7:19-
11  25. Therefore, these claims were not properly before the
12  magistrate.[1]

13  Accordingly, IT IS ORDERED that:

14      1. Subject to modifications A and B above, the proposed
15  Findings and Recommendations filed August 28, 2008, are ADOPTED;
16      2. The Rule 12(b)(1) motion to dismiss the first and
17  second causes of action, filed by defendants Reema and Grover, and
18  joined by the County of Sacramento, is granted without further
19  leave to amend;
20      3. The Rule 12(b)(6) motion to dismiss the remaining
21  causes of action as to defendants Reema and Grover is granted
22  without further leave to amend;
23      4. The Rule 12(b)(6) motion to dismiss the third cause

---

[1] Even if these claims were proper, plaintiff has not alleged a falsehood in a "claim . . . for money or property . . . [provided by] the United States Government." 31 U.S.C. § 3729(c).

3

of action, filed by the County of Sacramento, is granted without further leave to amend; and,

    5.  The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: September 29, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT